UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-cv-169-FDW

| CHARLES WILLNGHAM, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) ORDER |
| D. WATKINS, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on an initial review of Plaintiff's pro se complaint filed pursuant to 42 U.S.C. § 1983. See 28 U.S.C. § 1915A(a).

## I. BACKGROUND

According to the website of the North Carolina Department of Public Safety ("NC DPS"), at the time he filed this § 1983 complaint, Plaintiff was an inmate housed in the Buncombe Correctional Center within the Western District. The NC DPS website reflects that Plaintiff was released from incarceration on or about July 6, 2013.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "the court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Section 28 provides, in pertinent part, that in conducting this review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). To this end, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions,

1

such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989). A pro se complaint must be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), however, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

Section 1983 provides a remedy where a person acting under color of state law deprives a plaintiff of a right secured by federal law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thiboutot, 448 U.S. 1 (1980); see also Gonzaga Univ. v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a claim under Section 1983).

## III. DISCUSSION

In his pro se Complaint, Plaintiff includes largely unintelligible allegations which seem to express some disagreement with the internal handling of mail within Buncombe Correctional Institution and "hate crimes" which an unnamed defendant is apparently responsible for committing. (Doc. No. 1 at 2). Plaintiff appears to also allege that his diabetic medications have been taken from him but he does not appear to assert the name of the person that is responsible for what may very well be an isolated incident.

In addition to the level of review provided for under Section 1915A(a)(1) and (b)(1), the Court is bound to dismiss a complaint brought by a prisoner under § 1983, if that prisoner has had three previous § 1983 complaints dismissed for failure to state a claim, or on the grounds that it is frivolous or malicious. Specifically,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

2

frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). See, e.g., Tolbert v. Stevenson, 635 F.3d 646, 650 (4th Cir. 2011); Green v. Young, 454 F.3d 405, 407-10 (4th Cir. 2006).

The Court notes that Plaintiff has had three (3) prior Section 1983 complaints dismissed in the Eastern District of North Carolina, and that at least three (3) § 1983 cases have been dismissed in this district. See, e.g., (4:97-cv-323-GCM, Doc. No. 11) (dismissing § 1983 claim for failure to state a claim); 1:06-cv-362-GCM, Doc. No. 4 (dismissing § 1983 complaint as frivolous); 1:06-cv-00006-GCM; Doc. NO. 2 (noting Plaintiff's filing of nineteen (19) Section 1983 complaints in this district and in the Eastern District and dismissing under § 1915(g)).

In the present complaint, Plaintiff raises no allegations that he "is under imminent danger of physical injury" as required by § 1915(g), therefore he was bound to pay the full filing fee before he filed this complaint. The Court will therefore dismiss Plaintiff's complaint without prejudice to his ability to re-file the complaint and submit the full filing fee. See Green, 454 F.3d at 406-07 (noting the requirement that a prisoner must tender "pre-payment in full of all filing fees if the plaintiff-prisoner has had three prior cases dismissed as frivolous, malicious, or for failure to state a claims for which relief may be granted . . .").

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice under the provisions of 28 U.S.C. § 1915(g). (Doc. No. 1). The Clerk of Court is respectfully directed to close this case.

Signed: July 9, 2013

Frank D. Whitney
Chief United States District Judge

3